UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| HIGINO ESOKOLA TCHIWALE<br><br>　　　　Plaintiff<br><br>v.<br><br>KRISTI NOEM, Secretary of the U.S. Department of Homeland Security, in her official capacity; JOSEPH B. EDLOW, Director of U.S. Citizenship and Immigration Services; RACHAEL SUNDBORG, Boston Asylum Office Director,<br>　　　　Defendants. | |

Case No: 1:25-cv-13773

**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

Plaintiff, Higino Esokola Tchiwale, is a noncitizen from Angola who was unlawfully placed in expedited removal proceedings without adequate notice. Plaintiff's I-589, Application for Asylum, Withholding of Removal, and Relief under the Convention Against Torture Act was erroneously dismissed by the United States Citizenship and Immigration Services ("USCIS").

Plaintiff brings forth this action to challenge Defendants' failure to provide him with proper and sufficient notice of his expedited removal. In dismissing his asylum application and placing him in expedited removal proceedings, Defendants violated the Administrative Procedure Act ("APA"), Plaintiff's right to apply for asylum, and Plaintiff's due process rights.

In support of this complaint, Plaintiff states as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this complaint under 28 U.S.C. § 1331 (federal question), 28 U.S.C. § 1651 (All Writs Act), and 5 U.S.C. §§ 701–706 (Administrative Procedures Act), and may grant declaratory relief under 28 U.S.C. §§ 2201–02.
2. Federal venue is proper before this Court because the Defendants are officers or employees of the United States and because a substantial part of the events or omissions giving rise to the present claim arose in this Court's jurisdiction. 28 U.S. Code § 1391(e).
3. Specifically, Plaintiff was scheduled for a Credible Fear Interview before the Boston Asylum Office, and his application for asylum was dismissed within the jurisdiction of the Boston Asylum Office, within the District of Massachusetts.

## PARTIES

4. Plaintiff is a noncitizen from Angola and is a resident of the State of Maine.
5. Defendant Kristi Noem is the Secretary of the Department of Homeland Security ("DHS"). She is named in her official capacity. Defendant Noem is responsible for DHS policies, practices and procedures, including those relating to the removal and detention of noncitizens.
6. Defendant Joseph B. Edlow is the Director of the United States Citizenship and Immigration Services ("USCIS"). He is named in his official capacity. Defendant Edlow is responsible for USCIS policies, practices, procedures, including those relating to the dismissal of applications.

7. Defendant Rachael Sundborg is the Director of the Boston Asylum Office. She is named in her official capacity. Defendant Sundborg helps lead and oversee asylum operation and asylum claims within the Boston Asylum Office.

## FACTUAL HISTORY

8. Plaintiff is a citizen and a national of Angola.

9. Plaintiff arrived in the United States on April 24, 2022, at the southern land border to seek asylum. He entered the United States without inspection at Acuna, Texas. After arriving in the United States and being apprehended by the Immigration and Customs Enforcement, Plaintiff was released and paroled into the United States on May 20, 2022.

10. Plaintiff was notified that Form I-862, A Notice to Appear, would be filed with the Office of the Immigration Judge. However, this form was never filed with the Immigration Judge. As a result, Plaintiff timely filed an affirmative asylum application with the Boston Asylum Office in Boston, Massachusetts, which is the appropriate asylum office service for Maine. Plaintiff complied with all United States laws and procedures pertaining to filing his affirmative asylum application.

11. Thereafter, in a notice dated November 5, 2025, the Department of Homeland Security, USCIS Associate District Director, Asylum District 3, Division 1 dismissed Plaintiff's asylum application. The notice states that Plaintiff's application for asylum is dismissed as of October 15, 2025 because Plaintiff had been apprehended by DHS officials, placed in expedited removal, and allegedly issued a Form I-860, Notice and Order of Expedited Removal.

12. Plaintiff has never received a copy of this alleged Form I-860. Soon after receiving the dismissal notice of his asylum application, the Plaintiff also received Form G-56, Notice

of Credible Fear Interview, with an interview date scheduled for December 8, 2025. This notice is dated November 18, 2025 and was received by Plaintiff on November 20, 2025.

13. An Individual with an expedited removal is subject to mandatory detention under 8 U.S.C. § 1225(b)(1)(B)(iii)(IV). Because Defendants allege that Plaintiff was placed in expedited removal and allegedly issued a Form I-860, Defendants or their delegated agents could detain Plaintiff at any time and remove him from the United States. If Defendants detain and remove Plaintiff from the United States, Defendants would violate the due process and legally-protected rights of Plaintiff. Plaintiff has not committed any criminal violations.

## CLAIMS FOR RELIEF

### COUNT 1 –

### Violation of the Administrative Procedures Act, 5 U.S.C. § 706(2)(A)

1. Under 5 U.S.C. § 706(2)(A), a reviewing Court should hold that the agency's action is unlawful and set aside an agency's action found to be "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law." An agency acts arbitrarily and capriciously when "it offers inaccurate or unreasoned justifications for a decision." Envt'l Def. Fund v. EPA, 922 F.3d 446, 454 (D.C. Cir. 2019); see also Motor Vehicle Mfrs. Ass'n of U.S., Inc. v. State Farm Mut. Auto. Ins. Co., 463 U.S. 29, 43 (1983).

2. Here, USCIS clearly acted in an arbitrary manner when it unjustifiably dismissed Plaintiff's I-589 application because Plaintiff had been allegedly placed in expedited removal proceedings. Plaintiff was never notified or informed that he was in expedited removal proceedings. The decision by USCIS and the Asylum Office to dismiss

Plaintiff's timely and properly filed affirmative asylum application is therefore unmistakably arbitrary and capricious.

## COUNT 2 –

### Violation of 8 U.S.C § 1158(a)(1)

14. Under 8 U.S.C § 1158(a)(1), a noncitizen who is physically present in the United States has the right to apply for asylum. Because no Notice to Appear was ever filed in Immigration Court, Plaintiff was able to and did properly and timely file his I-589 affirmative asylum application with USCIS.

15. Plaintiff's right to apply for asylum was violated when USCIS dismissed his I-589 application and left him without status or a forum to pursue asylum relief.

## COUNT 3 –

### Violation of the Due Process Clause of the Fifth Amendment

1. The substantive component of the Due Process Clause of the Fifth Amendment to the United States Constitution protects Plaintiff's liberty interests. The procedural aspect of the Due Process Clause of the Fifth Amendment to the United States Constitution prevents the Defendants from depriving Plaintiff of liberty without procedural protections.

2. Plaintiff's right to substantive and procedural due process guaranteed by the Fifth Amendment of the United States Constitution were violated when he was allegedly placed in expedited removal proceedings without notice.

### **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays that this Court order the following relief:

(1) Accept jurisdiction over this action;

(2) Declare that Defendants' placement of Plaintiff in expedited removal proceedings violated Plaintiff's Fifth Amendment rights;

(3) Declare that the dismissal of Plaintiff's I-589 affirmative asylum application was a violation of his rights under the Fifth Amendment and under the APA;

(4) Grant injunctive relief requiring that Plaintiff's I-589 affirmative asylum application be re-instated with USCIS;

(5) Grant preliminary injunctive relief enjoining and restraining the Defendants and their delegated agents from arresting, detaining, or deporting Plaintiff; and

(6) Grant other relief as the Court finds just, equitable, and proper.

Dated: December 9, 2025

Respectfully submitted,

_____
Verona Daoud, Esq.
McHaffey & Nice, LLC
6 Beacon St., Suite 720
Boston, MA 02108

## CERTIFICATE OF SERVICE

Counsel for Plaintiff certifies that they have submitted the foregoing complaint with the Clerk of Court for the District of Massachusetts, using the electronic case filing system of the Court. Counsel for Plaintiff hereby certifies that they have served all parties electronically or by another manner authorized by Fed. R. Civ. P. 5(b)(2).

Date:   December 9, 2025

                                                                                  Verona Daoud, Esq.